UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
JUNIOR RICHARDS,

                                    Plaintiff,

                                                                                           MEMORANDUM
                                                                                           OPINION AND ORDER

                           -against-                                                         CV 10-4544 (LDW) (ETB)

NORTH SHORE LONG ISLAND JEWISH
HEALTH SYSTEM and NICHOLAS F.
CAMERANO,

                                             Defendants.
----------------------------------------------------------------------------X

      This is a civil rights action pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., against North Shore Long Island Jewish Health System ("Health System") and a supervisor, Nicholas F. Camerano. (Complaint at 1, 3). Plaintiff, Junior Richards, was formerly employed as a maintenance worker at Southside Hospital. (Id. at 4). Plaintiff maintains that he is a victim of racial discrimination. (Id. at 3-4). Defendant Health System maintains that plaintiff violated safety protocols by repairing a blown fuse in a patient monitoring system with a fuse wrapped in aluminum foil. (Id. at 4-5).

      Defendants have filed a motion to dismiss the complaint and now make application for a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) pending the outcome of the fully-briefed motion. Defendants raise substantial issues regarding (1) the 90-day limitation period with respect to the right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC") on June 16, 2010, which was 111 days prior to the commencement of this action on October 5, 2010; (2) collateral estoppel as to the § 1981 action based on the prior determination

made by the New York State Division of Human Rights ("Division of Human Rights"); and (3) the sufficiency of service on the individual defendant in this action. (See Defendants' Stay Application ("Stay App.") at 2-3). Plaintiff responds that defendants' motion to dismiss is actually a motion for summary judgment, which plaintiff can only oppose after he has had the opportunity for discovery. (Plaintiff's Opposition ("Opp.") at 1). In addition, plaintiff challenges defendants' argument regarding the collateral estoppel effect of the Division of Human Rights' dismissal of plaintiff's discrimination claim, asserting that plaintiff did not have a full and fair opportunity to litigate the claim. (Id. at 2).

The party seeking to stay discovery has the burden of demonstrating good cause. See Fantastic Graphics Inc. v. Hutchinson, No. 09-CV-2514, 2010 WL 475309, at *3 (E.D.N.Y. Feb. 8, 2010). The filing of a motion to dismiss does not automatically entitle a party to a stay of discovery; however, "'the federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order.'" Id. (quoting Hachette Distribution, Inc. v. Hudson County News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). To determine whether a stay of discovery is appropriate in such a situation, courts consider the following factors: (1) whether the defendants have made a strong showing that the plaintiff's claim is not meritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the plaintiff. See Fantastic Graphics, 2010 WL 475309, at *3. "Courts may also take into account the following factors, none of which is dispositive: the type of [dispositive] motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations; the nature and complexity of the action; . . . whether some or all of the defendants join in the request for a stay; [and] the posture or stage of the litigation . . . ." Id. (internal quotation marks omitted, alterations

in original).

Defendants have made an adequate showing that plaintiff's action is of questionable merit. It is undisputed that the action was filed on October 5, 2010, which is 111 days after the date of the June 16, 2010 right-to-sue letter. (See Declaration of Leonard M. Rosenberg in Support of Defendants' Motion to Dismiss ("Rosenberg Decl."), Exh. 22). This indicates that the Title VII action is untimely. Plaintiff does not present any substantial argument regarding this issue in his opposition to the stay application.[1]

Defendants also argue that plaintiff's § 1981 cause of action is barred by collateral estoppel because the Division of Human Rights determined that there was no probable cause to believe that the Health System was engaging in discriminatory conduct. (See Stay App. at 2). Plaintiff argues that he did not have a full and fair opportunity to litigate the issue before the Division of Human Rights because he was not represented by counsel, did not have a hearing, did not review his file, and did not provide additional evidence. (See Opp. at 2). However, it appears that plaintiff failed to fully participate in the process. (See Rosenberg Decl., Exh. 19 (Division of Human Rights determination stating that the decision was made "after investigation, and following opportunity for review of related information and evidence by the named parties"). For example, plaintiff admits that he neglected to attend a conference with the Division of Human Rights in December 2009. (See Hawkins Decl. at 5). His "failure to take advantage of the opportunity does not demonstrate a

---

[1] Plaintiff's opposition attaches a declaration from his attorney which states that plaintiff "never received a[] [right-to-sue letter] from the EEOC. The [right-to-sue letter] was sent to [plaintiff's] home in Rockville Centre, New York. From there it was forwarded to him at his home in Loganville, Georgia." (Declaration of Valerie A. Hawkins ("Hawkins Decl.") at 9). This statement is contradictory. First it states that plaintiff did not receive the letter. Then it states that he did receive it. Other competent evidence shows that the letter was sent to plaintiff and his counsel on June 16, 2010. (See Rosenberg Decl., Exh. 22).

deprivation of it." Barna v. Morgan, 341 F. Supp. 2d 164 (N.D.N.Y. 2004) (citing Kushnir v. N.Y. State Div. of Human Rights, 495 N.Y.S.2d 71 (App. Div. 1985). Nor is the fact that he appeared pro se necessarily fatal to defendants' claim of preclusion. See Ibrahim v. N.Y. State Dep't of Health, Office of Health Sys. Mgmt., 692 F. Supp. 1471, 1473 (E.D.N.Y. 1988).

Defendants assert that Camerano was not properly served with process pursuant to Federal Rule of Civil Procedure 4(e). (See Stay App. at 2). Plaintiff fails to respond to this assertion. This Court is not, of course, ruling on the merits of defendants' motion to dismiss. However, in light of the submissions of the parties regarding the stay application, defendants have made an adequate showing that plaintiff's claims are of questionable merit.

In addition, the scope of discovery that has been propounded by plaintiff is fairly broad. Plaintiff's first set of requests for production contains 36 separate numbered requests, some seeking documents from as far back as 2003. (See, e.g., Stay App., Exh. A at 6). The first set of interrogatories seeks information relating "to the period between 1990 to the present." (Id., Exh. B, at 3).

Finally, there has been no showing of a risk of unfair prejudice to plaintiff. Plaintiff argues that he needs discovery in order to respond to defendants' motion to dismiss. (Opp. at 1). However, he does not explain why discovery from defendants is needed to oppose a motion to dismiss that presents solely legal questions–that is, whether the Title VII action is time-barred, whether the § 1981 action is precluded, and whether service was properly accomplished on defendant Camerano. Moreover, plaintiff has already responded to the motion to dismiss. The outcome of the pending motion may substantially affect the scope of discovery and therefore it is prudent at this time to defer any further discovery pending the outcome of the pending motion to dismiss.

4

For the foregoing reasons, defendants' application for stay of discovery pending a determination on their motion to dismiss is GRANTED.

**SO ORDERED:**

Dated: Central Islip, New York
September 21, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge