UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUNIOR RICHARDS,

                              Plaintiff,                                        <u>ORDER</u>

      -against-                                                               CV 10-4544 (LDW)(ETB)

NORTH SHORE LONG ISLAND JEWISH
HEALTH SYSTEM, AND NICHOLAS F.
CAMERANO,

                              Defendants.
------------------------------------------------------------------------X

       The Court will treat plaintiff's letter motion dated March 8, 2013 as a motion for reconsideration. Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See <u>Ehrlich v. Inc. Village of Sea Cliff</u>, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration is within the sound discretion of the district court."). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" <u>Hunt v. Enzo Biochem, Inc.</u>, No. 06 Civ. 170, at *1 (S.D.N.Y. May 7, 2007) (quoting <u>In re Health Mgmt. Sys., Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." <u>Dietrich v. Bauer</u>, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999); <u>see</u> <u>also</u> <u>Church of Scientology Int'l v. Time Warner, Inc.</u>, No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("This Court cannot merely consider the same arguments that were previously submitted."). Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted).

The Court grants plaintiff's motion for reconsideration and, on such reconsideration, reinstates the Order dated March 8, 2013. Nothing has changed with respect to the plaintiff's failure to timely identify an expert and timely provide an expert report, as noted in the March 8, 2013 Order and as noted in defendants' opposition to the within letter motion, dated March 11, 2013. For similar reasons, nothing has changed with regard to defendant being the prevailing party and cost-shifting under Federal Rule of Civil Procedure 37.

**SO ORDERED:**

Dated: Central Islip, New York
       March 12, 2013

                                              /s/ E. Thomas Boyle
                                              E. THOMAS BOYLE
                                              United States Magistrate Judge