UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
JUNIOR RICHARDS,

        Plaintiff,

-against-

NORTH SHORE LONG ISLAND
JEWISH HEALTH SYSTEM and
NICHOLAS F. CAMERANO,

        Defendants.
----------------------------------------------X

MEMORANDUM AND ORDER

CV 10-4544

(Wexler, J.)

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★   JUN 13 2013   ★

LONG ISLAND OFFICE

APPEARANCES:

    ROACH BERNARD, PLLC
    BY: GENE STITH, ESQ.
    Attorney for Plaintiff
    300 Merrick Road, Suites 209, 210
    Lynbrook, New York 11563

    GARFUNKEL WILD, P.C.
    BY: LAUREN M. LEVINE, ESQ.
    Attorneys for Defendants
    111 Great Neck Road Suite 503
    Great Neck, New York 11021

WEXLER, District Judge

Plaintiff Junior Richards ("Plaintiff") commenced this action alleging racial discrimination in employment. Named as Defendants are Plaintiff's former employer, the North Shore Long Island Jewish Health System (the "Hospital"), and Nicholas Camerano, Plaintiff's former supervisor ("Camerano").[1] While Plaintiff's complaint originally set forth claims pursuant to 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

---

[1] Prior to the termination of his employment, Plaintiff worked at Southside Hospital, which is a part of the North Shore Long Island Jewish Health System.

1

2000e ("Title VII"), this court dismissed the Title VII claim as time-barred but allowed Plaintiff to proceed with his claim of racial discrimination pursuant to Section 1981. The court held in abeyance the claim that Defendant Camerano as never properly served. Presently before the court is Defendant's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment.

## BACKGROUND

### I. The Parties and Plaintiff's Termination

Plaintiff was employed in the engineering department of the Hospital from 1990 until his termination on October 27, 2007. The facts surrounding his termination on October 10, 2007 remain in dispute. Defendants claim that Plaintiff was terminated after because he performed an unsafe repair of a malfunctioning monitor in the intensive care unit. Plaintiff denies that he was the person responsible for the repair. He contends that he was unfairly blamed and terminated on account of his race.

## DISCUSSION

### I. Legal Principles

#### A. Standards on Summary Judgment

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of Civil Procedure, states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). Affidavits submitted in opposition to summary judgment must be based on personal

knowledge,"set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir.2004).

The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original).

B. Section 1981

To establish a claim under Section 1981, a plaintiff must show "(1) that [ ]he is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerned in connection with one or more of the activities enumerated in § 1981." Broich v. Incorporated Village of Southampton, 2012 WL 470422 (2d Cir. 2012). Section 1981 claims of racial employment discrimination are analyzed pursuant to the same burden-shifting analysis as those brought pursuant to Title VII of the Civil Rights Act

3

of 1964, as set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Thus, in the context of a motion for summary judgment, a Section 1981 Plaintiff is required to show: (1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. Id. at 802; Sassaman v. Gamache, 566 F.3d 307, 312 (2d Cir.2009), quoting, Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d Cir.2008).

Once the plaintiff comes forward with evidence establishing the foregoing, a presumption of discrimination arises that shifts the burden to defendant to show "a legitimate, non-discriminatory reason for the employment decision." Articulation of such a non-discriminatory reason eliminates the presumption of discrimination. The burden then shifts back to the plaintiff to show, without the benefit of the presumption, that discrimination was a motivating factor in the employment decision at issue. Ultimately, the issue is "whether the record contains sufficient evidence to support an inference of discrimination." LaGrande v. Key Bank Nat. Ass'n, 393 F. Supp.2d 213, 220 (S.D.N.Y. 2005).

To show an inference of discrimination, a plaintiff may show that he was "treated less favorably than a similarly situated employee outside his protected group." Mandell v. County of Suffolk, 316 F.3d 368, 370 (2d Cir.2003). A plaintiff taking this route must show that he is similarly situated "in all material respects" to those cited as comparators. Id. The question of whether two employees are similarly situated is ordinarily a question of fact for the jury. Id. at 368. Nonetheless, "a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." Harlen Assocs. v. Inc. Vill. of

4

Mineola, 273 F.3d 494, 499 n. 2 (2d Cir. 2001).

The Second Circuit has cautioned that the "trial court must be cautious about granting summary judgment to an employer when ... its intent is at issue, and affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir.1994); see Andretta v. Napolitano, 2013 WL 525408 *4 (E.D.N.Y. 2013). The fact that opposing inferences may be drawn from the evidence before the court is insufficient to obtain summary judgment. Instead, a defendant seeking summary judgment must show that a rational juror could make no inference of racial discrimination. Broich, 2012 WL 470422.

III. Disposition of The Motion

The court has reviewed the parties' submissions and holds that questions of fact preclude the entry of summary judgment. First, the facts surrounding Plaintiff's termination are very much in dispute. Defendants claim that Plaintiff's involvement in the allegedly unsafe repair makes a clear case for termination of his employment. Plaintiff comes forward with evidence that he was not the party responsible for the repair. Instead, he characterizes the repair incident as a pretext for racial discrimination. While Defendants argue that there are no facts, in any event, that give rise to an inference of discrimination, the court holds that questions of fact as to whether other employees were similarly situated, and the ultimate question of discriminatory intent are matters that must be decided by the fact finder at trial.

IV. Motions in Limine and the Service of Camerano

The court is aware that Defendants have interposed several motions in limine seeking to limit or preclude Plaintiff from introducing certain evidence in support of his claims. The court is

also aware that Plaintiff is preparing a response to those motions, which will likely be decided during trial. The court will also decide at trial the issue of service upon Defendant Camerano, who will, in any event, be present at trial of this matter as a fact witness.

## CONCLUSION

For the foregoing reasons Defendants' motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion that appears at docket entry number 79. As discussed with the parties trial in this matter, as to liability only, shall proceed on June 24, 2013 before Magistrate Judge Brown. A damages trial will, if necessary, be scheduled thereafter.

SO ORDERED

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
June 13, 2013